IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 14, 2011

**STATE OF TENNESSEE v. WILLIAM HENRY WIGGINS**

**Direct Appeal from the Criminal Court for Davidson County
Nos. 2010-A-596, 2010-A716     J. Randall Wyatt, Jr., Judge**

_____

**No.  M2010-02136-CCA-R3-CD - Filed June 14, 2012**
_____

The appellant, William Henry Wiggins, was convicted in the Davidson County Circuit Court
of felony possession of a controlled substance, namely oxycodone, and a violation of the sex
offender registry.  The trial court ordered the appellant to serve an effective sentence of six
years in the Tennessee Department of Correction.  On appeal, the appellant contends that the
evidence was not sufficient to support the convictions and that his sentence was excessive.
After a review of the record, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are
Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD
WITT, JR. J., joined.  JERRY L. SMITH, J., not participating.

Jeffrey A. DeVasher (on appeal) and Tyler Chance Yarbro (at trial), Nashville, Tennessee,
for the appellant, William Henry Wiggins.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel;
Victor S. Johnson, III, District Attorney General, and Amy Eisenbeck and Robert Homlar,
Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

In January 2010, the Davidson County Grand Jury indicted the appellant for failure
to report as a violent sexual offender, for a violation of Tennessee Code Annotated section
40-39-203 and 40-39-204, and for possession or casual exchange of a Schedule II drug in

violation of Tennessee Code Annotated section 39-17-418. The indictment listed five prior convictions for unlawful possession of a controlled substance in Davidson County.

At the bench trial held on June 1, 2010, the State presented the following proof regarding the appellant's possession of a controlled substance: On November 12, 2009, Officer Terry Wayne Denton of the Metropolitan Nashville Police Department was working with Officer Daniel Crockett in the area near Lewis and Lafayette Streets. The officers observed a vehicle drive into the Shell station on the corner. The officers realized they had stopped the same vehicle several days earlier. During the first stop, the officers discovered that the driver was driving on a suspended license, and the officers learned that the driver was in the area looking for narcotics.

The officers circled around the gas station and parked in the back before approaching the vehicle on foot from both sides. The driver, Kenneth Dixon, and the passenger, the appellant, were both asked for identification. The officers checked both the state and federal databases and learned that the appellant had an outstanding warrant for a sex offender registration violation.

At that time, the officers took the appellant into custody on the outstanding warrant. After the appellant was handcuffed, Officer Denton asked him if he had "anything" on his person. The appellant informed the officer that "he had some pills in his coat pocket." Officer Denton retrieved "three pills that are generic for . . . Percocet" from the appellant's pocket. The appellant told the officer that he gave Dixon money for gas and that Dixon gave him the "pain killers." In the vehicle, officers found a pill bottle with a label bearing Dixon's name and address. The label also reflected that the prescription had been filled with 120 Percocet pills two days earlier; however, when the officers found the bottle, only two pills remained.

Regarding the appellant's sex offender registration violation, Detective David Elliott testified that he worked in the criminal investigation division of the Metropolitan Nashville Police Department and that his responsibilities included the sex offender registry. The appellant was convicted in 1997 of attempted aggravated rape and was required to personally report quarterly to Detective Elliott. At some point during 2009, the appellant was incarcerated. As a result, he reported to the sheriff's department. After his release, the appellant reported to Detective Elliott on August 31, 2009. Detective Elliott testified that reporting "within 48 hours after release from re-incarceration" is a requirement of the sex offender registry and that the appellant complied with the requirement. Detective Elliott informed the appellant that they would "need to see him again during the month of September . . . for his quarterly reporting." Detective Elliott also identified a form that the appellant had signed that contained the instructions for reporting as a sex offender. The form

contained the requirement that the appellant "report anytime during the months of March, June, September and December." As of October 1, 2009, the appellant had not reported to Detective Elliott. As a result, a warrant was issued for his arrest for violating the sex offender registry. Detective Elliott acknowledged that when the appellant reported on August 31, 2009, he was in compliance with the registry requirements.

At the conclusion of the bench trial, the court found the appellant guilty of violating the sex offender registry and felony possession of a controlled substance. The trial court held a separate sentencing hearing. The appellant was sentenced as a Range III, career offender to a total effective sentence of six years, sixty percent of which the appellant was to serve in confinement before becoming eligible for release.

After the denial of a motion for new trial, the appellant timely appealed, challenging the sufficiency of the evidence supporting his convictions and the sentences imposed by the trial court.

## II. Analysis

### A. Sufficiency of the Evidence

The appellant argues that the evidence is insufficient to prove that he "knowingly" failed to timely report as required by the Violent Sexual Offender Registration Act. Additionally, the appellant argues that the proof failed to establish that he knowingly possessed a controlled substance. Specifically, the appellant claims that he understood the pills to be "pain killers," not a controlled substance. The State disagrees.

When an appellant challenges the sufficiency of the convicting evidence, the standard for review by an appellate court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also Tenn. R. App. P. 13(e). The State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions concerning the credibility of witnesses and the weight and value to be afforded the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact. State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). This court will not reweigh or reevaluate the evidence, nor will this court substitute its inferences drawn from the circumstantial evidence for those inferences drawn by the jury. Id. Because a jury conviction removes the presumption of innocence with which a defendant is initially cloaked at trial and replaces it on appeal with one of guilt, a convicted

defendant has the burden of demonstrating to this court that the evidence is insufficient. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

A guilty verdict can be based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Hall, 976 S.W.2d 121, 140 (Tenn. 1998). "The jury decides the weight to be given to circumstantial evidence, and '[t]he inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence, are questions primarily for the jury.'" State v. Rice, 184 S.W.3d 646, 662 (Tenn. 2006) (quoting State v. Marable, 313 S.W.2d 451, 457 (Tenn. 1958)). "The standard of review 'is the same whether the conviction is based upon direct or circumstantial evidence.'" State v. Dorantes, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting State v. Hanson, 279 S.W.3d 265, 275 (Tenn. 2009)).

The appellant was convicted of failing to properly register as a sex offender. The appellant's obligations as a convicted sex offender are listed in Tennessee Code Annotated section 40-39-201, et seq., otherwise known as the "Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004." Specifically, Tennessee Code Annotated section 40-39-208(a) makes it "an offense for an offender to knowingly violate any provision of this part." A violation includes the "[f]ailure of an offender to timely register or report." Tenn. Code Ann. § 40-39-208(a)(1). Moreover, a person "acts knowingly with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist." Tenn. Code Ann. § 39-11-302(b).

The evidence at trial, when viewed in a light most favorable to the State, shows that the appellant signed at least three acknowledgment forms, all of which listed his reporting obligations. The forms were signed on February 27, 2009; on January 11, 2008; and on December 10, 2007. Detective Elliott indicated that the appellant reported as required from his conviction in 1997 until the violation at issue. Although, the appellant reported on August 31, 2009, he did not report in the month of September. A warrant was issued for the appellant's arrest in October. We conclude that the evidence presented was sufficient to establish that the appellant knowingly failed to report in September 2009.

Tennessee Code Annotated section 39-17-418(a) provides that "[i]t is an offense for a person to knowingly possess or casually exchange a controlled substance, unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of professional practice." Oxycodone is a Schedule II controlled substance. Tenn. Code Ann. § 39-17-408(b)(1)(O). Additionally, a violation of Tennessee Code Annotated section 39-17-418 "is a Class E felony where the person has two (2) or more prior convictions under this section." Tenn. Code Ann. § 39-17-418(e).

The appellant does not dispute that he possessed the pills nor does he dispute that oxycodone is a controlled substance. Instead, he contends that he was not aware that the "pain killers" he was given in exchange for "gas money" were oxycodone. In other words, the appellant contends that he did not knowingly possess a controlled substance. We disagree. The proof at trial revealed that when the officers asked the appellant if he "had anything," the appellant told the officers "he had some pills in his coat pocket." Officer Denton said that he thought the pills were "generic for . . . Percocet" and that he thought Percocet was another name for oxycodone. The appellant informed the officers that he got the "pain killers" from Dixon in exchange for gas money. In the vehicle, officers found a pill bottle containing two pills. On the bottle was a label bearing Dixon's name and address and reflecting that Dixon's prescription for 120 Percocet pills had been filled two days earlier. From this, the jury could infer that the appellant knew the pills Dixon gave him were a controlled substance. Testing revealed that the pills were oxycodone, a schedule II drug. Further, there was no proof that the appellant had a valid prescription for the drug. We conclude that there was sufficient evidence to support the appellant's conviction for possession of a controlled substance.

## B. Sentencing

Finally, the appellant contends that the trial court erred in imposing sentences of continuous confinement. In other words, the trial court erred in denying an alternative sentence. Additionally, the appellant complains that the punishment is not "the least severe measure necessary to achieve the purposes for which it was imposed."

Appellate review of the length, range or manner of service of a sentence is de novo. See Tenn. Code Ann. § 40-35-401(d). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of his sentence(s). See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts. Moreover, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. See id. at (d); Ashby, 823 S.W.2d at 169.

An appellant is eligible for alternative sentencing if the sentence actually imposed is ten years or less. See Tenn. Code Ann. § 40-35-303(a). The appellant's sentence herein meets this criteria. Moreover, an appellant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony should be considered a favorable candidate for alternative sentencing absent evidence to the contrary. See Tenn. Code Ann. § 40-35-102(6). The following sentencing considerations, set forth in Tennessee Code Annotated section 40-35-103(1), may constitute "evidence to the contrary":

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. See Tenn. Code Ann. § 40-35-103(5).

In the instant case, the trial court found that the appellant is a Range III, career offender; therefore, he is not considered to be a favorable candidate for alternative sentencing. However, he was convicted of two Class E felonies and the length of each concurrent sentence is six years, which renders him eligible for alternative sentencing. After hearing the testimony at the sentencing hearing, the trial court determined that the appellant had the following prior convictions: two counts of the sale of counterfeit controlled substance, aggravated robbery, attempted aggravated rape, attempted burglary, receiving stolen property, and aggravated assault. The trial court noted that the sentence it imposed was the minimum sentence allowed by law. The trial court stated in an amended sentencing order that "while not specifically stated in the original sentencing order the Court considered and rejected the possibility of probation."

Our review of the record reveals that the appellant has been committing crimes since he was a young man. Moreover, measures less restrictive than confinement have been applied unsuccessfully to the appellant; notably, the record contains a warrant for a probation violation that was "conceded" by the appellant. Finally, despite his prior convictions, the appellant still refuses to acknowledge that he may have a drug problem, indicating that he

has little to no potential for rehabilitation. Accordingly, we conclude that the trial court properly denied his request for alternative sentencing.

### III. Conclusion

In sum, we conclude that there was sufficient evidence supporting the appellant's convictions and that the trial court did not err in sentencing the appellant. Therefore, we affirm the judgments of the trial court.

_____
NORMA MCGEE OGLE, JUDGE